NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH CHANG a/k/a KAN ZHANG, | Civil Action No. 17-11061 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| THE BANK OF NEW YORK MELLON CORPORATION, *et al.* | |
| Defendants. | |

**LINARES,** Chief District Judge

This matter comes before the Court by way of Plaintiff Kenneth Chang's motion to remand this matter to state court. (ECF No. 2) ("Motion"). Defendants The Bank of New York Mellon Corporation, The Bank of New York Mellon, and Technology Services Group, Inc. ("Defendants") filed an opposition, (ECF No. 5), and Plaintiff filed a reply, (ECF No. 7). The Court has read the submissions of the parties and considers this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies Plaintiff's Motion.

## I. BACKGROUND

Plaintiff, a former employee of Defendants, filed his complaint in the Superior Court of New Jersey, Law Division, Hudson County on September 28, 2017. (ECF No. 1-1 at 2). Plaintiff alleges that Defendants violated the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.* and that Plaintiff's termination was in violation of public policy under *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58 (1980). (ECF No. 1-1 ¶¶ 72–88). On November 3, 2017, Defendants The Bank of New York Mellon Corporation and The Bank of New York Mellon removed this case to Federal Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, stating

1

that the parties were citizens of different states and that the amount in controversy exceeded $75,000. (ECF No. 1 ¶¶ 6–17). Only The Bank of New York Mellon Corporation and The Bank of New York Mellon were properly served at the time of removal, and once the remaining named Defendants—BNY IHC, LLC and Technology Services Group ("TSG")—were properly served, they filed a consent to removal on November 14, 2017. (ECF No. 4). Plaintiff now seeks to remand the case to state court on the grounds that there is no diversity jurisdiction, and seeks attorney's fees in connection with the Motion. (*See generally* ECF No. 2).

## II. DISCUSSION

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court." Federal courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). For the purposes of diversity jurisdiction and removal, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."[1] *Id.* § 1332(c)(1). A corporation has its principal place of business where "the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The principal place of business of a corporation is also known as the "nerve center," and will "typically be found at a corporation's headquarters." *Id.* at 80–81. A corporation's nerve center is its headquarters, so long as "the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93.

---

[1] The parties do not dispute that TSG is incorporated in New York. (ECF No. 2-22 at 7–8; ECF No. 5 at 8).

Plaintiff argues that TSG's "corporate headquarters and principle place of business is located in Jersey City, New Jersey." (ECF No. 2-22 at 6). As support for this argument, Plaintiff points to Resolutions Plans that TSG filed with the Federal Deposit Insurance Corporation ("FDIC"). (*Id.*). Defendants, in contrast, claim that their principal place of business is in New York, New York. (ECF No. 5 at 8). As explained below, Defendants have satisfied their burden of establishing diversity jurisdiction.

"In evaluating the citizenship of corporate parties, district courts are permitted to rely upon the parties' sworn affidavits setting forth their places of incorporation and principal place of business." *Collins v. James W. Turner Constr., Ltd.*, No. 16-2877, 2017 WL 210236, at *3 (D.N.J. Jan. 18, 2017). Defendants have submitted such a sworn declaration with accompanying exhibits. (ECF Nos. 6–6-5). TSG's corporate executives, including its CEO and CIO, are located in New York City. (ECF No. 2-7; ECF No. 6 ¶ 3). TSG makes major decisions regarding its business activities in New York, the highest level of TSG management in Jersey City reports to TSG's executives in New York, two of three of TSG's board members are based in New York, and New York is the location of TSG's annual shareholder meeting. (ECF No. 6 ¶¶ 3, 6; ECF No. 6-3). These facts fit squarely within *Hertz's* definition of the "nerve center" as "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." 559 U.S. at 80. Thus, Defendants have satisfied their burden in showing that TSG is a citizen of New York. *See, e.g., Maignan v. Precision Autoworks*, No. 13-3735, 2014 WL 201857, at *3 (D.N.J. Jan. 15, 2014) (relying on a declaration submitted under penalty of perjury in determining that the corporation's nerve center was where the corporation's management made business and administrative decisions). The one line in TSG's Resolution Plan that states that "TSG is headquartered in Jersey City, New Jersey," (ECF No. 2-4 at 104), does not outweigh the evidence

Defendants have set forth establishing that New York is the actual "nerve center" of TSG. *See Maignan*, 2014 WL 201857 at *3 (finding statements in a declaration in support of motion to remand that did not challenge the location of the corporation's "nerve center" were not sufficient to overcome the substantial evidence in the opposing declaration).

Plaintiff also requests "reasonable attorneys [sic] fees, costs and disbursements" because "Defendants acted in bad faith and misled this Court." (ECF No. 2-22 at 9). Under 28 U.S.C. § 1447(c), a court may order payment of attorney's fees and costs in connection with an order to remand if the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As this Court has concluded that removal was proper, Plaintiff's request for attorney's fees is denied.

### III. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Motion and denies Plaintiff's request for attorney's fees. An appropriate Order accompanies this Opinion.

DATED: December 25, 2017

JOSE L. LINARES
Chief Judge, United States District Court